UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ENRIQUE MARRERO,<br><br>                     Plaintiff,<br><br>v.<br><br>TOWNSHIP OF NORTH BERGEN and<br>THE NORTH BERGEN DEMOCRATIC<br>MUNICIPAL COMMITTEE,<br><br>                     Defendants. | Civ. No. 14-cv-3482 (KM)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

    Plaintiff Enrique Marrero commenced this action against the Township of North Bergen ("North Bergen") and the North Bergen Democratic Municipal Committee ("the Committee"). Marrero, a sergeant with the North Bergen Police Department, alleges that the defendants unlawfully retaliated against him after he announced his candidacy for the position of Hudson County Freeholder. His Complaint asserts claims under 42 U.S.C. § 1983 for conspiracy and the violation of his First Amendment rights. Now before the Court are motions to dismiss by North Bergen (Dkt. No. 11-1) and the Committee (Dkt. No. 9-1). For the reasons set forth below, the motions are granted and the Complaint is dismissed without prejudice.

**I.  BACKRGROUND**

    The plaintiff, Enrique Marrero, has worked as a North Bergen police officer for several years. Sometime in 2014, Marrero decided to run for the position of Hudson County Freeholder. (Compl., Dkt. No. 1, ¶6) Marrero believes that his candidacy was perceived as an attempt to "buck[]" North Bergen's "political machine" which, he submits, exerts de facto control over the township's government. (*Id.* at ¶7) Marrero contends that his entrance into the race "enraged the defendants" to such an extent that they "began a wholesale

1

war" to "destroy his political and law enforcement career." (*Id.* at ¶9) He alleges that the defendants engaged in a campaign of harassment and retribution in order to intimidate the plaintiff and his supports.

On May 7, 2014, Marrero alleges, a resident of North Bergen, identified in the Complaint only as "J.H.", telephoned the police. J.H. reported that another individual, identified only as "A.F.", came to his house and directed him to remove Marrero's campaign sign from his window and replace it with a sign for another candidate endorsed by the Committee. (*Id.* at ¶10) According to Marrero, A.F. told J.H. that a refusal to change the sign would "cause serious problems." (*Id.* at ¶11)

Also on May 7, 2014, another North Bergen resident, identified only as "A.P.," allegedly called the police to report that "a male entered the Exxon gasoline station where she works and with malicious purpose and conviction wrongfully confiscated all of the plaintiff's freeholder campaign fliers." (*Id.* at ¶12) Marrero states the intruder "was then seen to walk toward the municipal North Bergen High School." (*Id.*)

On May 8, 2014, A.F.—the individual who paid the house call to J.H.— reportedly told the police that she "merely wanted to offer J.H. an opportunity to support [Marrero's opponent]" in the freeholder election. (*Id.* at ¶13) Marrero alleges that A.F. is an agent of the Committee, and that her actions were deliberately calculated to "send a threatening yet clear message" that the Committee disfavored his candidacy. (*Id.*)

After these events, Marrero alleges, North Bergen caused security personnel from North Bergen High School to enter a bagel shop adjacent to the school, confiscate his campaign flyers, and threaten the store's employees that they would "have problems" if they did not display signs promoting Marrero's opponent. (*Id.* at ¶¶17-18)

Marrero further alleges that he was subject to retaliation at his workplace. He states that A.F., at the urging of the Committee, filed an Internal

2

Affairs Complaint against him for harassment in order to "punish and destroy the plaintiff's declared candidacy, professional law enforcement and political careers." (*Id.* at ¶14) He also complains that, on certain occasions, "unidentified individuals" at the North Bergen Police Department opened his personal and inter-office mail. (*Id.* at ¶15) Additionally, Marrero alleges that while he was lawfully campaigning in front of a public school, Defendant North Bergen "caused four police vehicles and school security to...physically remove him from the area." (*Id.* at ¶16)

On June 2, 2014, the plaintiff commenced this § 1983 action against North Bergen and the Committee. The Complaint alleges that defendants violated Marrero's First Amendment rights (Count One) and conspired to do the same (Count Two). On July 7, 2014, the Committee filed a motion to dismiss the Complaint. On July 10, 2014, North Bergen also moved to dismiss.

## II. LEGAL STANDARD

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly, see infra*).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to

3

relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

I first discuss some general factual deficiencies of the complaint, and then proceed to the particular causes of action pled against North Bergen and the Committee.

#### A. Factual Vagueness

There is a general problem that affects all of the causes of action in the Complaint. For the most part, Marrero has reported secondhand allegations from anonymous persons about still other anonymous persons. He attributes their actions to the defendants, but does not plead facts that would permit such an inference.

For example, anonymous person J.H. reports that anonymous person A.F. told her to take down a campaign sign. There is no fact from which the reader could infer that mystery person A.F. acted on behalf of defendant North Bergen or the Committee. The Complaint's allegation "on information and belief" that that A.F. was an "agent" of the Committee simply will not do.

Anonymous person A.P. allegedly reports that another anonymous person (not even any initials here) confiscated Marrero's campaign flyers, and walked off in the direction of the high school. (The flavor of the complaint is that the high school is tainted by the political machine, but again there is little in the way of specifics.) There is nothing here for a court to work with in attempting to establish the elements of a cause of action.

For the reasons expressed below, I am dismissing this Complaint, but without prejudice to the filing of an Amended Complaint. Any amended pleading should contain specific facts supporting the elements of plaintiff's causes of action.

### B. The Claims Against the Committee

The claims against the Committee are legally defective. Marrero has failed to plead facts showing that the Committee "acted under color of" of state law, an essential element of a § 1983 action.

Title 42, United States Code, Section 1983 provides:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983 (emphasis added). The Committee, according to the Complaint, is "an organization formed for the purported advancement of the democratic political ideology in North Bergen." (Compl., ¶3) It is, in other words, a private club or association that promotes the interests of the local Democratic Party. A non-state actor, the Committee is not a suable "person" under § 1983. *Max v. Republican Comm. of Lancaster Cnty.*, 587 F.3d 198, 200 n.3 (3d Cir. 2009) (noting that the § 1983 "under color" requirement has consistently been treated as identical to the "state action" requirement under the Fourteenth Amendment) (internal quotations and citations omitted).

There are cases in which courts have permitted constitutional claims to proceed against political parties. *See Smith v. Allwright,* 321 U.S. 649 (1944); *Terry v. Adams,* 345 U.S. 461 (1953); *Redfearn v. Delaware Republican State*

5

*Committee*, 362 F. Supp. 65 (D. Del. 1973), *rev'd on other grounds*, 502 F.2d 1123 (3d Cir. 1974). In those cases, however, the plaintiff alleged that "the state had sufficiently involved political parties in the operation of primary elections so that the conduct of the party could be considered state action." *Valenti v. Pennsylvania Democratic State Comm.*, 844 F. Supp. 1015, 1017 (M.D. Pa. 1994). Here, Marrero has generally indicated that the "machine" pulls the strings, but has pleaded no facts that would permit the Court to draw the inference that the Committee is a state actor.

Accordingly, Marrero's § 1983 claims against the Committee are dismissed without prejudice for failure to state a claim.

### C.  The Claims Against North Bergen

The Complaint also fails to state a claim against North Bergen. Marrero has not successfully alleged a constitutional injury. But even if he had, the Complaint lacks sufficient detail to attribute that injury to North Bergen, which is not subject to *respondeat superior* liability under § 1983. Either deficiency is sufficient grounds for dismissal.

A First Amendment retaliation claim has three essential elements:

(1) The plaintiff's speech was protected under the First Amendment;

(2) The defendant took an adverse or retaliatory action; and

(3) A causal connection between (1) and (2), *i.e.*, that the protected speech was a substantial or motivating factor in the retaliatory action, shifting the burden of proof to defendant to demonstrate it would have taken the same action absent the protected speech.

*See Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010); *Gorum v. Sessoms*, 561 F.3d 179, 184 (3d Cir. 2009); *Hill v. Borough of Kutztown*, 455 F.3d 225, 241 (3d Cir. 2006); *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). The first element is an issue of law; the second and third are questions of fact.

*Baldassare v. New Jersey*, 250 F.3d 188, 195 (3d Cir. 2001); *Johnson v. Lincoln Univ.*, 776 F.2d 443, 454 (3d Cir. 1985); *see also Gorum, supra.*

Marrero's run for Hudson County Freeholder and any speech related thereto are undoubtedly protected by the First Amendment. *See Perez v. Cucci*, 725 F. Supp. 209, 234 (D.N.J. 1989) (surveying Supreme Court case law); *see also Ferraioli v. City of Hackensack Police Dep't*, 2010 U.S. Dist. LEXIS 8527 at *22 (D.N.J. July 29, 2009) (freedom of association encompasses the right to maintain a political affiliation). However, the Complaint alleges no facts that could support the second and third elements of a First Amendment retaliation claim.

An "adverse or retaliatory action" is one sufficient "to deter a person of ordinary firmness" from exercising his First Amendment rights. *Suppan v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000). Marrero alleges no facts to support the inference that the threatening visits to persons displaying his campaign signs were directed by North Bergen. Any alleged intimidation, moreover, was not directed against Marrero himself, but against (anonymous) third parties.

Certain other allegations of retaliation in the Complaint—that someone at Marrero's workplace opened his mail and that he was compelled to leave a school where he was campaigning[1]—might rise to the level of retaliation, *if* alleged with sufficient specificity. *Bradshaw v. Twp. of Middletown*, 296 F. Supp. 2d 526, 538 (D.N.J. 2003), *aff'd*, 145 F. App'x 763 (3d Cir. 2005) ("The First Amendment's protections against retaliation are broad: it insulates public employees not just from retaliatory discharge or demotion, but also 'from even an act of retaliation as trivial as failing to hold a birthday party for a public employee when intended to punish her for exercising her [First Amendment] rights.'") (quoting *Rutan v. Republican Party of Ill.*, 497 U.S. 62, 75 n. 8 (1990) (quotations omitted)). I need not reach that question, however, because Marrero

---

[1] Of course, a police department might be justified in opening mail addressed to the department, and a school might properly prohibit political campaigning on its grounds. I do not reach the substance.

7

has alleged no facts that would tend to show that his protected speech was a "substantial or motivating" factor behind those retaliatory acts. *Miller*, 598 F.3d at 147. I therefore find that Marrero has failed to successfully allege a First Amendment retaliation claim.

Finally, even assuming *arguendo* that Marrero has identified a constitutional injury, the Complaint offers no factual basis for holding North Bergen liable. It is well established that municipal liability under § 1983 "may not be proven under the *respondeat superior* doctrine, but must be founded upon evidence that the government unit itself supported a violation of constitutional rights." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). As a consequence, a municipality may be liable under § 1983 only where the constitutional injury is alleged to have been caused by a municipal "policy" or "custom". *See Monell*, 436 U.S. at 694. A municipal policy is made when a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (internal quotations omitted). A municipal custom may be shown where a course of conduct, though not authorized by law, is "so permanent and well-settled as to virtually constitute law." *Id.* Marrero's Complaint is completely devoid of facts that would enable the Court to conclude that the alleged retaliation against him was ordered by North Bergen or was an expression of municipal policy or customs.

I will therefore dismiss both the substantive and conspiracy counts against North Bergen. An unconstitutional conspiracy must of course have a recognized constitutional deprivation as its object, and it must involve two or more conspirators. *See Woods v. Grant*, 381 F. App'x 144, 147 (3d Cir. 2010) (quoting *Parkway Garage, Inc. v. City of Phila.*, 5 F.3d 685, 700 (3d Cir. 1993) ("In order to demonstrate the existence of a conspiracy under § 1983, a 'plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law.'"). My grounds

8

for dismissing the substantive constitutional claims imply that the conspiracy claims must be dismissed as well.

## IV. CONCLUSION

For the foregoing reasons, the motions to dismiss filed by defendants, the Committee and North Bergen, are **GRANTED**. The Complaint is dismissed in its entirety **WITHOUT PREJUDICE** to the filing of an amended complaint within 30 days. The dismissal will become final if no such amended complaint is filed timely.

An appropriate Order will issue.

Dated: July 31, 2015

_____
**KEVIN MCNULTY**
**United States District Judge**